UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WALTER LEE JONES, #235079, A/K/A ) <br> WALTER LEE JONES-BEY, ) <br> Plaintiff, ) <br> ) <br> -v- ) <br> ) <br> ANN SMOLINSKI, ) <br> Defendant. ) <br> _____ ) | No. 1:09-cv-633 <br><br> HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Jones, a prisoner under the control of the Michigan Department of Corrections ("MDOC"), filed this action under 42 U.S.C. § 1983. Plaintiff filed a second amended complaint on December 2, 2009. (ECF No. 24). Defendant Smolinski moved for summary judgment on January 22, 2010. (ECF No. 27). The magistrate judge reviewed the motion and response and issued a report recommending Defendant's motion be granted. (ECF No. 35). Plaintiff Jones filed objections. (ECF No. 36).

## LEGAL FRAMEWORK

After being served with a R & R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United

States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

**ANALYSIS**

Having reviewed the motion, response, report and recommendation, objection, the supporting exhibits and relevant legal authority, the Court finds the report factually accurate and legally sound.

A. Objection 1

Plaintiff asserts the magistrate judge misstates the dates when relevant events occurred. Plaintiff argues the magistrate judge gives the appearance that the claims are barred by the statute of limitations. Objection 1 is OVERRULED. The report accurately identifies the relevant dates. Defendant Smolinski has not argued that Plaintiff's claims are barred by the statute of limitations. The magistrate judge did not conclude the claims are time-barred.

B. Objection 2

Plaintiff objects to the magistrate judge's recommendation that the claims for injunctive relief are moot because Plaintiff had been transferred from the facility where the incident occurred. In the third count of his second amended complaint, Plaintiff requests the Court order Defendant, or her superiors, to remove or expunge records generated as a result of the underlying incident. Plaintiff argues his injunctive relief claim is not moot because Defendant's superiors could expunge the records, which are accessible.

Objection 2 is OVERRULED. The magistrate judge recommends the request for injunctive

relief be denied because Defendant is employed by the State at the Bellamy Creek Correctional Facility (IBC). Plaintiff is no longer at that prison. Plaintiff has neither addressed this reasoning nor objected to this fact. Plaintiff has not identified any legal authority indicating that a federal court may grant the relief he seeks. Furthermore, Plaintiff's injunctive relief claim assumes his retaliation claim has merit.

C. Objection 3

Plaintiff objects to the magistrate judge's recommendation that Defendant is entitled to Eleventh Amendment immunity on Plaintiff's claims against her in her official capacity. Objection 3 is OVERRULED. The first count in Plaintiff's second amended complaint does not state whether Plaintiff is suing Defendant in her official or her personal capacity. To the extent Plaintiff seeks any damages against Defendant in her official capacity, those damage claims are barred by the Eleventh Amendment.

D. Objection 4

Plaintiff objects to Section 3 in the discussion portion of the report. In that section, the magistrate judge concludes Plaintiff has no claim independent of a retaliation claim. Objection 4 is OVERRULED. Plaintiff's only claim is one for retaliation. Plaintiff does not have any other claim against Defendant Smolinski.

E. Objection 5

Plaintiff objects to the magistrate judge's recommendation that Plaintiff's retaliation claim be dismissed. The magistrate judge concludes Plaintiff cannot establish the second or third element of a retaliation claim. The magistrate judge also concludes Defendant would have done the same thing even if Plaintiff had not engaged in protected conduct.

Objection 5 is **OVERRULED**. Defendant Smolinski did not approve Plaintiff for his preferred work details and instead approved him for other work assignments. When Plaintiff was informed of this decision, he filed a grievance against Defendant Smolinski. Six days after Plaintiff filed his grievance, he met with Defendant Smolinski to discuss his work classification. Plaintiff refused to sign his Assignment Waiver Form at this meeting, which constitutes a rejection of his reclassification. Because Plaintiff was uncooperative, Defendant followed the relevant MDOC Policy Directives and placed Plaintiff on unemployable status and reported his unemployable status to the Security Classification Committee. Based on these undisputed facts outlined in the report, Plaintiff cannot establish causation. Even if Plaintiff could establish causation, Defendant has established that she would have taken the same actions even if Plaintiff had not filed his grievance.

For the reasons, **IT IS HEREBY ORDERED** that

1. The Report and Recommendation (ECF No. 35) is **ADOPTED**, over objections, as the opinion of the Court.

2. Defendant Smolinski's motion for summary judgment (ECF No. 27) is **GRANTED.** Plaintiff's claims for injunctive relief are **DENIED AS MOOT.** Plaintiff's claims against Defendant Smolinski are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Date: August 29 , 2011            /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  Chief, United States District Judge